UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUMIT KUMAR,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-07476-DC-JDP (HC)

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. Nos. 1, 2)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2) filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a custody redetermination hearing at which their eligibility for release on bond must be considered. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by Count One of the petition. (Doc. No. 1 at 19–24.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation

bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On September 16, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from *Rodriguez Vazquez*, *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On September 17, 2026, Respondents filed their opposition to Petitioner's motion on the same legal grounds as those addressed by the court in the aforementioned cases. (Doc. No. 6.) However, Respondents factually distinguish Petitioner's claim from the aforementioned cases by emphasizing that Petitioner was detained by immigration authorities following his arrest for false imprisonment. (*Id*. at 1–2.) Respondents attach Petitioner's Record of Deportable Alien indicating that Petitioner was detained on August 17, 2026, in relation to his July 2026 arrest for battery and false imprisonment. (Doc. No. 6-1 at 2.) Respondents argue that this arrest constitutes a violation of the conditions of Petitioner's release warranting his re-detention. (Doc. 6 at 1.) Respondents further indicate that they do not oppose the court ruling directly on the petition. (*Id.* at 4.) On September 18, 2026, Petitioner filed a reply indicating that he likewise does not oppose the court ruling on the petition. (Doc. No. 7 at 9.)

Because Respondents have not made any new legal arguments or identified any legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for a temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in the court's order in

*Altin*.[1] However, unlike the petitioner in *Altin*, who had been arrested but not charged with any criminal offenses and who was detained by immigration authorities seven months after his release from that arrest, here, Petitioner was detained shortly following his most recent arrest and has criminal charges pending against him. Thus, unlike in *Altin*, it appears that at the time of Petitioner's immigration detention, there may have been a non-pretextual changed circumstance that warranted revocation of Petitioner's prior release. This court has previously found that where it appears there may have been a non-pretextual change in circumstance warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified."); *Zejada v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-05651-DC-CSK, 2026 WL 2254595 (E.D. Cal. Aug. 5, 2026) (finding a bond hearing to be the proper remedy where the petitioner was detained by immigration authorities following his arrest for the crime of threatening another with the intent to terrorize, for which he had a pending felony charge).

/////

/////

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

   a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Sumit Kumar (A-221-148-812) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;

   b. Respondents are ORDERED to provide Petitioner and his counsel with seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;

   c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and

   d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

2. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

/////

/////

/////

/////

/////

/////

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 1, 2026**

Dena Coggins
United States District Judge